Edward G. Baker, J.
In an action to recover damages for personal injuries alleged to have been sustained by him as a result of a fall in a parking lot at Idlewild International Airport, plaintiff moves to examine the defendant, Port of New York Authority, before trial. The application is opposed by *1034 the Authority upon the ground that there is no statutory authorization for its examination.
In Matter of New York Post Corp. v. Moses (10 N Y 2d 199) the petitioner applied for an order permitting an inspection of certain files and records of the Triborough Bridge and Tunnel Authority. The court held that public authorities should be subjected only to those procedures which have been specifically mandated, and there is no jurisdiction in any court of any suit against a public authority except as the Legislature has in terms created such jurisdiction. The question here to be determined is whether there is statutory authority for the examination sought.
Section 6 of chapter 301 of the Laws of 1950 provides, in part: “ Although the port authority is engaged in the performance of governmental functions, the said two states [New York and New Jersey] consent to liability on the part of the port authority in such suits, actions or proceedings for tortious acts committed by it and its agents to the same extent as though it were a private corporation.”
This language appears to be sufficiently broad to authorize, in actions against the Authority, procedures available to a plaintiff in tort actions against private corporations, among which is an examination before trial.
Section 292-a of the Civil Practice Act authorizes examination before trial of a public corporation. A public corporation includes a public benefit corporation (General Corporation Law, § 3, subd. 1), which is defined in the statute as “ a corporation organized to construct or operate a public improvement wholly or partly within the state, the profits from which enure to the benefit of this or other states, or to the people thereof ” (General Corporation Law, § 3, subd. 4).
The defendant here is a public corporation and is subject, in a tort action such as this, to examination before trial pursuant to section 292-a of the Civil Practice Act. (See New York Water Serv. Corp. v. Palisades Interstate Park Comm., 14 A D 2d 794.) Motion granted.