Jack Stanislaw, J.
Permission is sought for an inspection of the files, records and papers of respondent Suffolk County Water Authority (hereinafter “ Authority ”). Petitioner asks *428 access to books of minutes, entry or account, bills and vouchers, checks, contracts and like material together with an opportunity to make extracts therefrom. The Authority has already turned down petitioner’s letter request, and he is here applying for an order to allow his perusal of all these generally specified documents.
Petitioner bases his right to this order on his status as a taxpayer in this county. Furthermore, since respondent’s rights and property pass to the County of Suffolk after its liabilities have been met in full (Public Utilities Law, § 1077, subd. 1), petitioner also describes his interest for the purposes of this application as in protection of his vested future interest.
The Authority points out the absence of statutory provision which would permit the granting of the relief referred to. Eespondent’s books are audited by the State Comptroller. This supervision is held to be the full extent of the legislatively prescribed overseeing of the Authority. Neither party intimates that such control is inadequate, but rather they address themselves to the issue of additional, individual surveillance.
As an invention of the Legislature, the Authority does not come within the jurisdiction of the judiciary unless its 1‘ creator ” clearly so mandates. There is no mandate, either clear or implied, for any consideration of the instant application. It has been said that “ the cases confirm the conclusion that a public authority enjoys an existence separate and apart from the State, even though it exercises a governmental function”. (Matter of Plumbing, Heating, Piping & Air Conditioning Contrs. Assn. v. New York State Thruway Auth., 5 N Y 2d 420, 424.) And this court must agree with the Court of Appeals when it stated, in Matter of New York Post Corp. v. Moses (10 N Y 2d 199, 205), that “ Though we are strongly in favor of enforcing the government’s duty to disclose to its citizens the course of conduct of its various departments, in the case of a public authority it is for the Legislature, rather than the courts, to decide to what extent its operations may be subjected to public scrutiny. Where the Legislature has provided specific means for supervision, the courts may not engraft amendments which the Legislature has not even impliedly sanctioned.” (Cf. Estrada v. Parking Assoc. Corp., 37 Misc 2d 1033.)
The existence of petitioner’s general and inherent right and interest has not been recognized by the Legislature, if in fact it does exist and have substance. The sphere of legislative policy and responsibility may not be encroached upon in these circumstances. (Connolly v. O’Malley, 17 A D 2d 609.) The petition is denied.